

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUZANNE HAGOOD, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-2203-L (BF) |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Suzanne Hagood ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court **REVERSE and REMAND** the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments including fibromyalgia and chronic fatigue. Tr. 362, ECF No. 12-12. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on December 2, 2014 in Dallas, Texas before ALJ Donald R. Davis (the "ALJ"). Tr. 346, ECF No. 12-11. Plaintiff was born on May 18, 1958, and at the time of the hearing, Plaintiff was 56 years old. Tr. 362, ECF No. 12-12. Plaintiff has worked in the past as an artisan and a visiting professor. Tr. 268, ECF No. 12-9. Plaintiff has not engaged in substantial gainful activity since March 15, 2011. Tr. 268, ECF No. 12-9.

The ALJ issued his decision on March 13, 2015 finding that Plaintiff has not been under a

disability as defined in the Social Security Act from the alleged onset date of March 15, 2011 through December 31, 2013, the date last insured. Tr. 268, ECF No. 12-9. The ALJ determined that Plaintiff had the following severe impairments through the date last insured: irritable bowel syndrome, disorders of mitochondrial metabolism, and rectal cancer. Tr. 254, ECF No. 12-9. The ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Tr. 258, ECF No. 12-9. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to: (1) lift frequently ten pounds and lift occasionally up to twenty pounds; (2) stand, walk, and sit for up to six hours a day; (3) frequently use ramps/stairs but could not use ladders, ropes, or scaffolds; and (4) frequently balance, stoop, kneel, crouch, or crawl. Tr. 259, ECF No. 12-9. The ALJ determined that Plaintiff was capable of perform her past relevant work as an artisan or visiting professor. Tr. 268, ECF No. 12-9. Plaintiff appealed the ALJ's decision to the Appeals Council, and on June 9, 2016, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 12-3. Plaintiff subsequently filed this action in the District Court on July 29, 2016. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A);

*Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined

as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ failed to give her treating physician, Dr. Tammy Pon's opinion the proper weight when determining Plaintiff's RFC, but rather gave greater weight to non-examining state agency physicians. Pl.'s Br. 3, ECF No. 18. Plaintiff contends that the ALJ

4

ultimately relied on the state agency physicians' opinions for the RFC assessment, and essentially disregarded Dr. Pon's opinion. Pl.'s Br. 3, ECF No. 18. Plaintiff argues that this is especially evident by the ALJ's failure to include any mental limitations in his RFC finding. Pl.'s Br. 3, ECF No. 18; Tr. 259, ECF No. 12-9. Plaintiff argues that no examining doctor's opinion contradicts Dr. Pon's opinion, and the ALJ failed to evaluate Dr. Pon's opinion under the criteria set forth in 20 C.F.R. § 404.1527 ("Section 404.1527"). Pl.'s Br. 4-5, ECF No. 18. The Commissioner argues in her response that the ALJ was not required to explicitly apply all of the Section 404.1527 factors, because the ALJ specifically referenced a variety of "first-hand medical evidence," such as the progress notes of Dr. Jeffrey Fine for Plaintiff's physical limitations after examining Plaintiff in April, May, and June of 2013, and the report of psychiatrist Dr. Anne Smith which was completed after she examined Plaintiff in August of 2013. Def.'s Br. 5-6, ECF No. 19.

In *Newton v. Apfel*, the Fifth Circuit stated the following:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)]. Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e). . . . This court [] holds that an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist. The ALJ failed to perform this analysis, which should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). As Plaintiff argues, there is no evidence from a treating or examining physician that controverts the opinion of Dr. Pon. While the Commissioner references Dr. Fine's progress notes of Plaintiff's physical limitations and Dr. Smith's psychological

report as to Plaintiff's demeanor and cognitive functions, these doctors did not conduct an RFC assessment of Plaintiff, and therefore, their opinions do not controvert Dr. Pon's RFC assessment. Def.'s Br. 6, ECF No. 19; Tr. 536, 538-39, 542-43, 563-65, ECF No. 13-1. Furthermore, the ALJ states in his decision that he gave substantial weight to the opinions of state agency consultants as to Plaintiff's RFC, and as Plaintiff points out, the ALJ did not include any mental limitations in his RFC findings, although Dr. Pon found significant mental limitations . Pl.'s Br. 3, ECF No. 18; Tr. 259-64, ECF No. 12-9; Tr. 968-69, ECF No. 13-7.

Absent reliable evidence controverting Dr. Pon's opinion, the ALJ was required to consider each of the Section 404.1527(c)[1] factors. *See Wilder*, 2014 WL 2931884, at *5 ("Although Dr.

---

1. 20 C.F.R. § 404.1527(c) states the following:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
    (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
    (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
    (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
    (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.
    (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.
    (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
    (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
    (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

Rumalla examined Plaintiff, his opinions do not contradict the RFC assessments of Dr. Ruby as already discussed. Under the facts of this case, the ALJ was required to provide a detailed analysis of the six factors."); *Thornhill v. Colvin*, No. 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014) ("The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations."); *Gittens v. Astrue*, 3:04-CV-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("The court [] finds that the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527[(c)]."). While the ALJ mentions the Section 404.1527 factors, the ALJ does not perform the detailed analysis required. Tr. 262-63, ECF No. 12-9. With respect to the ALJ's criticism of Dr. Pon's check-box form as being "brief and conclusory," the District Court has declined to reject such checklist medical opinions, and as Plaintiff argues, Dr. Pon's additional accompanying notes give explanations as to her findings. Tr. 263, ECF No. 12-9; Def.'s Br. 7, ECF No. 17; Pl.'s Br. 6, ECF No. 18; *see Gittens*, 2008 WL 631215, at *5 ("'"[T]he magistrate judge found that . . . the checklist was conclusory and other circuits have held that they are not entitled to controlling weight. . . . The court finds that . . . there is no binding authority requiring the court to reject a checklist as a medical opinion. While on remand, an ALJ may find that the checklist is inconsistent with other medical evidence, but that determination must be made by the ALJ, not the court.").

In consideration of the foregoing, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and should be remanded for further consideration. *See Wilder*, 2014 WL 2931884, at *6 ("On the record before it, the Court cannot say that the failure to conduct

the detailed analysis is harmless error. Had the ALJ conducted that analysis, there is a realistic possibility that he would have given greater weight to the opinions of the treating physician . . . . There is also a realistic possibility that the ALJ would have sought clarification or additional evidence as contemplated by 20 C.F.R. § 404.1512(e).").

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 16 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).